DAVIS v. ST. VINCENT'S INST. FOR INSANE.

(Circuit Court of Appeals, Ninth Circuit.   April 2, 1894.)

No. 127.

HUSBAND ABANDONING INSANE WIFE—ACTION FOR SUPPORT—PLEADING.

An institution which supports and cares for an insane wife, abandoned by her husband, can maintain an action against him, under the common law, to recover the reasonable value of such support and care, without expressly averring that they were furnished upon his credit.

This was an action by St. Vincent's Institution for the Insane, a corporation, against John T. Davis, to recover the value of care and support furnished to his insane wife. The case was tried before the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

The plaintiff in error was defendant in the court below to a suit brought by a Missouri corporation styled St. Vincent's Institution for the Insane, which was the successor in interest of another corporation of that state called the Sisters of Charity of St. Joseph. The allegations of the complaint upon which the case was tried, apart from its jurisdictional averments, are, in substance, that prior to July 16, 1880, the said Sisters of Charity of St. Joseph owned and conducted an institution in the state of Missouri called St. Vincent's Institution, wherein it kept, treated, and cared for insane persons, and on that day, for value received, transferred to the plaintiff the said institution, together with its inmates and all bills, accounts, claims, and choses in action connected with the keeping of the institution and its inmates; that Mary A. Davis, then, and at all of the times mentioned in the complaint, was an insane person, and the wife of the defendant; that defendant, prior to January 1, 1875, placed his said wife in the said institution, and in the care and custody of the then corporation, the Sisters of Charity of St. Joseph, and agreed to pay it for the care, treatment, and keeping of his wife at the rate of $6 per week; that defendant's wife was kept and cared for by that corporation until the 7th day of August, 1877, at which time defendant removed her, and at which time there was a balance of $465.94 due from defendant to the Sisters of Charity of St. Joseph for the keeping and care of his wife, which he has never paid; that, after removing his wife from the institution mentioned, defendant, on the same day, abandoned her in the county of St. Clair, state of Illinois, and has ever since neglected to make adequate or any provision for her support; that on the 16th day of August, 1877, the sheriff of St. Clair county took defendant's said wife to the said institution for the insane, and left her in the custody of the Sisters of Charity of St. Joseph, and that the said sisters thereafter, and until July 16, 1880, did in good faith furnish her with board, lodging, clothing, medicine, and medical and other necessary attendance, all of which was reasonably worth $1,000; that on the day last mentioned the plaintiff below, defendant in error here, took charge of the said institution and its inmates, including the insane wife of the defendant, and has ever since kept and cared for her, and in good faith supplied her with board, lodging, clothing, medicine, and medical and other necessary attendance, which was, from July 16, 1880, to October 20, 1891, reasonably worth $3,877.50; that the defendant has at all times since August 16, 1877, known that his said wife was an inmate of the said institution, and that she was boarded, lodged, and provided for as above stated by the plaintiff and its predecessor, the Sisters of Charity of St. Joseph corporation; that the defendant is, and for more than 10 years last past has been, possessed of property exceeding $50,000 in value, all of which is the community property of himself and his said wife; that the latter has never had any separate property; that since March 20, 1876, defendant has wholly failed and neglected to make adequate or any provision for the support of his wife, and has not paid any portion of any of the sums alleged to be due from him for her support and care.

The defendant, by his answer, put in issue the corporate capacity of the plaintiff and the Sisters of Charity of St. Joseph, and denied that at the time he removed his wife from the care and custody of the latter there was any balance due from him, and denied that he ever agreed to pay anything for the care or maintenance of his wife. He denied that he ever abandoned her, and further denied that at any time since August 16, 1877, he knew that she was an inmate of the institution mentioned, or that she was boarded, lodged, and provided for as alleged in the complaint. Defendant, by his answer, also set up in bar of the action the provisions of subdivision 1 of section 339 of the Code of Civil Procedure of California, prescribing the period of two years for the commencement of "an action upon a contract, obligation, or liability not founded upon an instrument in writing, or founded upon an instrument in

writing executed out of the state." The answer contains no denial of the facts alleged in the complaint respecting the support and maintenance of defendant's wife by the plaintiff and its predecessor, the Sisters of Charity of St. Joseph, but does deny the alleged value thereof.

After trial, the court below found, among other things, "that one of the purposes for which the plaintiff was incorporated was the keeping, treatment, and care of insane persons, and that the plaintiff has, for about two years next preceding the commencement of this action, at the city of St. Louis, in the state of Missouri, in an institution or house by it provided and kept for the care, custody, and treatment of insane persons, kept, lodged, boarded, clothed, and supplied with medicine and medical and other necessary attendance the insane wife of the said defendant; that said keeping, boarding, lodging, and medicine, and medical and other attendance were of the value of $10 per week for all of said two years, and the said clothing was of the value of $50 for each of said two years; that defendant, during all of said two years aforesaid, knew that his said insane wife was kept and cared for and supplied with the necessaries aforesaid by the plaintiff as aforesaid, and the defendant, during all of said two years, failed and neglected to make any provision for the support of his said wife; and the defendant has not, during said two years, or since, or at any time, or at all, paid or provided anything for the keeping or boarding or lodging or clothing, or for medicine or medical attendance, of his said wife; that all claims and demands of the plaintiff against the defendant, and alleged in the complaint, other than the claims and demands aforesaid for the two years next preceding the commencement of this action, are barred by the two-years statute of limitations pleaded by the defendant." And as a conclusion of law from the facts found the court below found the defendant indebted, to the plaintiff in the sum of $1,140, for which, with costs, judgment was given against him.

The points made by the plaintiff in error, and upon which he relies for a reversal of the judgment, are: First, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that the facts found by the court below are insufficient to support the judgment in this: that it does not appear therefrom that the necessaries were supplied to the wife of the plaintiff in error in good faith and upon the credit of her husband.

P. Reddy, J. C. Campbell, and W. H. Metson, for plaintiff in error. T. Z. Blakeman, for defendant in error.

Before GILBERT, Circuit Judge, and ROSS and HANFORD, District Judges.

ROSS, District Judge, after stating the case as above, delivered the opinion of the court.

The contract upon which the action is based is an implied one, and arose in the state of Missouri, and was to be performed there. It is therefore to be interpreted in accordance with the law applicable thereto in the state of Missouri, and not in accordance with the statute law of California. Boyle v. Zacharie, 6 Pet. 635, Cook v. Moffat, 5 How. 314. The parties are agreed that the law of that state applicable to the question is the common law; and the plaintiff in error insists that, tested by the rules of the common law, the complaint does not state facts sufficient to constitute a cause of action, because it is not alleged that the services were rendered and the articles furnished defendant's wife upon defendant's credit. It is true the complaint does not so allege in so many words, but facts are alleged from which that result necessarily flows. The husband who turns his wife out of doors, or so maltreats her as to compel her to leave his domicile, gives her, in effect, a letter of credit for whatever her preservation or safety requires. Shepherd v. Mackoul, 3

Camp. 326; Mitchell v. Treanor, 56 Am. Dec. 421; Billing v. Pilcher, 46 Am. Dec. 523; Cunningham v. Irwin, 10 Am. Dec. 458, and cases referred to in notes to those cases. If this is so in ordinary cases, how much more strongly does the reason of the law apply to the case of the unfortunate wife who is rendered by insanity not only incapable of providing for herself, but incapable of making any sort of a request, or any sort of a contract. The charitable institution that gave shelter and protection to the abandoned wife of the defendant, and ministered to her needs, knew that it could not look to her for compensation, and knew that she was legally incompetent to make any contract of any nature. Necessarily, it looked, and had the legal right to look, to the person who was legally responsible for the necessaries furnished her, namely, her husband. The facts which render him liable are alleged in the complaint, and were found to be true by the court below. It is a matter of regret to us, as it doubtless was to the learned judge who decided the case below, that the defendant's plea of the statute of limitations enabled him to escape responsibility for the care and maintenance of his wife except for the two years immediately preceding the commencement of the action.

Judgment affirmed.