[S. F. No. 1282.   Department Two.—June 15, 1900.]

## ST. VINCENT'S INSTITUTION FOR THE INSANE, Respondent, v. JOHN T. DAVIS, Appellant.

Husband and Wife—Liability of Husband for Necessaries—Abandonment of Insane Wife.—A husband who took his insane wife from the custody of an incorporated institution for the care of the insane, in which he had placed her, and shortly thereafter left her, deserted and destitute, in another state, with the presumed intention that her identity should be lost, and that she might no longer be a charge upon him, is liable, as upon an implied request, for necessaries thereafter furnished to her by the same institution to whose custody she was returned, by an officer of the law, though he may have had no knowledge that she was thereafter kept and provided for therein.

Id.—Notice by Letter—Evidence—Copy—Presumption from Mailing.
   A copy of a letter addressed to the husband, defendant, by the

president of the corporation plaintiff, proved by its secretary to have been a copy of an original, addressed to the defendant and mailed to him at his address, which is presumed from the facts to have been known in the institution, and which contained a notice of the return of his wife to the institution by an officer of the law, is admissible if not specifically objected to as being a mere copy of the original letter; and the original, of which it was a copy, having been proved to have been properly addressed and mailed to the defendant, it is presumed that he received it.

Depositions Taken out of State—Reading and Correction by Witness—Construction of Code.—Section 2032 of the Code of Civil Procedure, requiring the certificate to a deposition to state that the deposition, when completed, was read over to the witness and corrected by the witness if so desired, applies only to depositions taken in this state, and not to depositions taken out of the state.

.APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Charles W. Slack, Judge.

The letter referred to in the opinion contained a notice of the return of the abandoned insane wife of the defendant to the institution of the corporation plaintiff by an officer of the law, etc. Further facts are stated in the opinion of the court.

P. Reddy, J. C. Campbell, and W. H. Metson, for Appellant.

The items of the account in question are not proved to have been supplied upon the credit of the husband, and he is not liable therefor. (1 Bishop on Marriage, Divorce, and Separation, secs. 1186, 1188; *Goodale v. Brockner*, 25 Hun, 621; *Mitchell v. Treanor*, 11 Ga. 324[1]; *Brown v. Worden*, 39 Wis. 432; *Mulcay v. Shaw*, 3 Camp. 22; *Arnold v. Allen*, 9 Daly, 198.) The depositions taken in St. Louis were not admissible, not being properly certified. (Code Civ. Proc., sec. 2032; *Dye v. Bailey*, 2 Cal. 383; *Williams v. Chadbourne*, 6 Cal. 559; *Higgins v. Wortell*, 18 Cal. 331.) The copy of the letter was inadmissible, there being no proof of the loss of the original. (Code Civ. Proc., sec. 1855.)

T. Z. Blakeman, for Respondent.

[1] 56 Am. Dec. 425.

The husband, having willfully abandoned and deserted his insane wife, is liable for necessaries supplied to her by plaintiff, without reference to the actual knowledge of either party. (1 Bishop on Marriage, Divorce, and Separation, sec. 1259; *Davis v. St. Vincent's Institution for the Insane*, 61 Fed. Rep. 277; 9 C. C. A. 501; 15 U. S. App. 432; *Cunningham v. Irwin*, 7 Serg. & R. 247[2]; *Mitchell v. Treanor*, 11 Ga. 324.[3]) Depositions taken out of the state are not regulated by section 2032 of the Code of Civil Procedure, but wholly by article IV, part III, title III, of the Code of Civil Procedure. Objection to the copy of the letter was waived by not taking a specific objection thereto. (*Crocker v. Carpenter*, 98 Cal. 421; *Colton etc. Co. v. Swartz*, 99 Cal. 284; *Eversdon v. Mayhew*, 85 Cal. 10; *Owen v. Frink*, 24 Cal. 177.) The letter was itself a notice to the defendant, and therefore notice to produce was not necessary. (Code Civ. Proc., sec. 1938; *Gethin v. Walker*, 59 Cal. 502.) The letter is presumed to have been received by the defendant in the regular course of the mail. (Code Civ. Proc., sec. 1963, subd. 24.)

TEMPLE, J.—Plaintiff sues to recover for boarding and clothing the insane wife of defendant from June 28, 1891, to June 2, 1894. Plaintiff recovered judgment, and this appeal is from the judgment and an order refusing a new trial.

The first contention is that the evidence was insufficient to sustain the finding that the service was rendered on the credit of defendant. It is argued that it does not appear that defendant was even aware that she was being kept and provided for by the plaintiff at all.

Even if he had no such knowledge it would not follow that the defendant is not liable, or that the service was not rendered at his implied request. There is evidence which tends to prove that defendant in 1877 took his wife from the institution where he had himself placed her, and that within a day or two thereafter she was found, deserted and destitute, in a small town in the state of Illinois. She was at the time so far demented that she could give no account of her-

---

[2] 10 Am. Dec. 458, 462, note.
[3] 56 Am. Dec. 421.

self.   She did not know her name or..where she came from.
She was found at a hotel with a trunk and could not have got
there with the trunk alone.   The presumption is very strong
that the defendant left her there, intending that her identity
should be lost, that she might no longer be a charge upon him.
Under such circumstances the husband would be liable for
necessaries, even though the parties supplying them did not
know of his existence or that she was a married woman.   (Civ.
Code, sec. 174; *Davis v. St. Vincent's Institution for the Insane*,
61 Fed. Rep. 277; 9 C. C. A. 501; 15 U. S. App. 432, and cases
there cited.)

Appellant contends that the finding to the effect that the ser-
vice was rendered at the request of the defendant is supported
only by the copy of a letter addressed to the defendant in Octo-
ber, 1877, by the president of the plaintiff, which is a corpora-
tion, and that such copy was improperly admitted.   The ob-
jections made to the evidence were that it was incompetent,
irrelevant, and immaterial, and "there was no evidence that the
person who mailed the letter knew the address of J. T. Davis,
and there was no evidence that J. T. Davis ever received the
letter."   Supposing the letter to have been received, it was
neither irrelevant, incompetent, or immaterial.   The objection
is, therefore, in reality, that it was not shown that defendant
ever received the letter of which it was a copy.   As to its being
a copy rather than the original, no such objection was specifi-
cally made, and, as it is quite probable that if such objection
had been made at the trial the defect could have been cured,
we are not inclined to entertain it now.

Sister Isadore Minter testified that she was the secretary of
the plaintiff in 1877, and she knew the copy offered was a copy
of a letter written by the president, "addressed to J. T. Davis,
mailed to him at his address, postage prepaid."   This is a brief
statement, and the evidence might have been amplified by a
cross-examination.   We may imagine that it could have been
made to appear upon such cross-examination of the witness that
she did not know the address of defendant, or even that she
did not know to what point the letter was sent.   But that she
did is implied, and we cannot disturb the finding.   Davis had,
himself, had his wife boarded and cared for at the hospital be-

fore August, 1877, and the presumption is that he had corresponded with the sisters upon the subject and that his address was well known to them. The letter having been properly addressed and mailed to him, it is presumed that he received it. (Code Civ. Proc., sec. 1963, subd. 24.)

Objection is made to the reception in evidence of certain depositions taken for plaintiff at St. Louis, Missouri, on the ground that the certificate fails to state that the deposition when completed was read over to the witness and corrected by the witness if he so desired, as required by section 2032 of the Code of Civil Procedure. That section applies only to depositions taken in this state, and, therefore, does not reach this case.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.